# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

ARMAND ENRICO BOOKER, )
)
        Petitioner, )
)
v. )     Nos. 3:17-CV-216; 3:06-CR-122
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

## <u>MEMORANDUM OPINION</u>

Petitioner Armand Enrico Booker has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 1].[1] Therein, Petitioner claims that he was improperly deemed a career offender under United States Sentencing Commission Guideline Manual ("U.S.S.G.") § 4B1.1, and that his attorney provided ineffective assistance by failing to move for a downward variance at sentencing.

The United States has responded in opposition to the motion [doc. 5], and Petitioner has filed no reply. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is untimely and it will be dismissed accordingly.

---

[1] All docket references are to Case No. 3:17-CV-216 unless otherwise noted.

I.

*Background*

By judgment entered September 25, 2007, this Court sentenced Petitioner to a term of imprisonment of 240 months as to each of Counts 5 and 7 of the indictment (cocaine base offenses), to be served concurrently for a net sentence of 240 months.

Petitioner's guideline range was 262 to 327 months, based on a total offense level of 34 and a criminal history category of VI. Those numbers were the result of Petitioner being a career offender.

Prior to sentencing, the United States filed a motion for downward departure. [Case No. 3:06-CR-122, doc. 21]. The Court granted the motion and departed downward to 240 months.

Defense counsel also filed a 17-page motion for downward variance, accompanied by seven letters of support. [*Id.*, doc. 26]. At sentencing, defense counsel argued the motion extensively. [*Id.*, doc. 43, p. 6-11]. The Court denied the motion but described it as "very well-prepared." [*Id.*, p. 2].

In 2009, the United States filed a motion for further sentence reduction. [*Id.*, doc. 31]. The Court granted that motion, reducing Petitioner's sentence to 200 months. [*Id.*, doc. 38].

Lastly, in 2019 Petitioner filed a motion for sentence reduction under Section 404 of the First Step Act of 2018. [*Id.*, doc. 58]. The Court granted that motion on March 7, 2019, reducing Petitioner's term of imprisonment to 143 months. [*Id.*, doc. 63].

According to the Bureau of Prisons, Petitioner was released from custody four days later. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 31, 2020). Petitioner's § 2255 motion remained pending, as did a 2017 motion for sentence reduction under 18 U.S.C. § 3582(c)(2). [Case No. 3:06-CR-122, doc. 47]. Those filings will now be briefly addressed by the Court.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant

files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6ᵗʰ Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6ᵗʰ Cir. 1961). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6ᵗʰ Cir. 1959).

III.

*Discussion*

The Court turns first the threshold issue of timeliness to determine whether it can address Petitioner's motion to vacate or the claims raised therein.

## A.     Statute of Limitation

Motions under 28 U.S.C. § 2255 asking for collateral relief are subject to a one-year statute of limitation, running from one of four dates. 28 U.S.C. § 2255(f)(1)-(4). Usually, the date on which the judgment of conviction becomes final is the relevant date. 28 U.S.C. § 2255(f)(1). However, a new statute of limitation is triggered for claims based on a right which "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Court must determine, under both §§ 2255(f)(1) and (f)(3), the limitations period that applies to Petitioner's motion to vacate.

## 1.     Subsection (f)(1)

Under the first subsection, § 2255(f)(1), the one-year limitations period begins to run on the date a conviction becomes final. Petitioner's judgment of conviction was

entered on September 25, 2007. [Case No. 3:06-CR-122, doc. 25]. Petitioner did not file a notice of appeal. His judgment therefore became final on October 10, 2007. *See* Fed. R. App. P. 4(b)(1)(A) (setting a 14-day period for a criminal defendant to file a notice of appeal); *see also Gillis v. United States*,729 F.3d 641, 644 (6th Cir. 2013) (observing that "[a] conviction becomes final when the time for direct appeal expires and no appeal has been filed" (citing *Sanchez–Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)).

This means that Petitioner had one year from October 10, 2007, *i.e.*, until October 10, 2008, to file a timely § 2255 motion under subsection one. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Petitioner filed his § 2255 motion on May 12, 2017, more than eight years too late. Thus, his § 2255 motion is untimely under the first subsection of the statute.

**2.      Subsection (f)(3)**

Under the third subsection, § 2255(f)(3), a motion is timely so long as it is filed within one year after the Supreme Court issues an opinion newly recognizing a right and holding that the right applies retroactively to cases on collateral review. 28 U.S.C. § 2255(f)(3). Petitioner relies on *Descamps*, which he maintains applies retroactively to this collateral review case, and on *Mathis* which he implicitly suggests recognized a new right. The Court infers from Petitioner's contentions that he is maintaining that these cases, taken together, render his motion timely. Petitioner's reliance on *Descamps* or *Mathis* to start a new period of limitation is misplaced. Neither case applies retroactively to this § 2255 motion.

First, "[t]he Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor/Shepard* approach, which some courts had misconstrued." *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (citation omitted). Put simply, *Descamps* is not a case in which the Supreme Court initially and newly recognized a right that was made retroactively applicable to cases on collateral review and, thus, it cannot be used to start a new statute of limitations under § 2255(f)(3) for filing Petitioner's motion to vacate. Furthermore, the envelope containing Petitioner's § 2255 motion seeking relief under *Descamps* is postmarked May 2017, more than a year after the Supreme Court issued its *Descamps* opinion on June 20, 2013. Thus, even if *Descamps* did announce a new rule, Petitioner's § 2255 motion asserting this Supreme Court case as authority would be untimely under § 2255(f)(3).

Next, *Mathis* interpreted the statutory word "burglary" in the ACCA, but that decision did not announce a new rule of constitutional law, and it has not been made it retroactively applicable to cases on collateral review. *In re: Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017); *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018). Instead, *Mathis* involved an old rule of statutory law governing the categorical approach as a method of determining whether a prior conviction fits within a given definition in the ACCA or the career offender guideline. *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.").

Because the Sixth Circuit has stated explicitly that "the holdings in *Mathis* and *Descamps* are not new rules of constitutional law that the Supreme Court has made retroactive to cases on collateral review," *Goins v. United States*, No. 16-6826, 2017 WL 6546952, at *1 (6th Cir. June 26, 2017) (citing *Dawkins v. United States*, 829 F.3d 549, 550–51 (7th Cir. 2016) (per curiam) (*Mathis*), and *Davis*, 751 F.3d at 775 (*Descamps*)), Petitioner cannot claim the benefit of those two cases to avoid the one-year time bar in § 2255(f)(3).

Therefore, Petitioner's motion was filed out-of-time under § 2255(f)(3), and it will not be reviewed unless he can show that he is entitled to equitable tolling.

## B.      Equitable Tolling of Subsection 2255(f)(1)

The AEDPA establishes "a tight time line, a one-year limitation period" *Mayle v. Felix*, 545 U.S. 644, 662 (2005), but § 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *See, e.g., Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Equitable tolling is used sparingly, and a petitioner bears the burden of establishing that equitable tolling applies to his case. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). To demonstrate that equitable tolling is warranted, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing and quoting *Pace*, 544 U.S. at 418); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citation

omitted). Only reasonable diligence is required to qualify for equitable tolling of § 2255(f)'s one-year statute of limitation, not the maximum feasible diligence. *Holland*, 560 U.S. at 653. Whether equitable tolling is warranted is a fact-intensive inquiry. *Id.* at 654.

Review of the instant petition does not reveal extraordinary circumstances justifying Petitioner's failure to present his petition in a timely fashion. Petitioner argues only that equitable tolling applies because he is "actually innocent" of being a career offender in light of *Descamps* and *Mathis* but—again—those cases are not retroactively applicable on collateral review. The Court therefore finds that equitable tolling is not appropriate here.

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** as untimely and **DISMISSED**.

Petitioner's pending motion under 18 U.S.C. § 3582(c)(2) [Case No. 3:06-CR-122, doc. 47] will also be **DENIED** by separate order. Because Petitioner's sentence was based on the career offender guideline rather than U.S.S.G. § 2D1.1, he is ineligible for § 3582(c)(2) sentence reduction. *See, e.g., United States v. Riley*, 726 F.3d 756, 761 (6th Cir. 2013) (A defendant whose "sentence was not 'based on' § 2D1.1 . . . is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).").

## V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:


_____
s/ Leon Jordan
United States District Judge